UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

POWER JAMB, LLC, and
MICHAEL BISHOP,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------X

08 Civ. 0431(AJP)

ANSWER

        Defendants CITY OF NEW YORK (the "City"), the New York City Fire Department (the "FDNY"), the New York City Fire Academy (the "Fire Academy"), Chief Stephen Geraghty, Chief Thomas Robson, Captain Robert Higgins and Firefighter Robert Rivera, by and through their undersigned counsel, for their answer to the complaint of plaintiff allege:

        1.      Deny the allegations contained in paragraph 1 of the complaint, except admit that Plaintiffs purport to proceed as set forth therein.

        2.      Deny the allegations contained in paragraph 2 of the complaint, except admit that Plaintiffs purport to proceed as set forth therein.

        3.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

        4.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

        5.      Admit the allegations contained in paragraph 5 of the complaint.

        6.      Admit the allegations contained in paragraph 6 of the complaint, except deny that the FDNY has any separate legal status as a juridical entity apart from the City.

7. Deny the allegations contained in paragraph 7 of the complaint, except admit the Fire Academy is a training facility operated by the FDNY.

8. Deny the allegations contained in paragraph 8 of the complaint, except admit that Chief Geraghty was and is an employee of the City and a resident of the State of New York

9. Deny the allegations contained in paragraph 9 of the complaint, except admit that Chief Robson was and is an employee of the City and a resident of the State of New York

10. Deny the allegations contained in paragraph 10 of the complaint, except admit that Captain Higgins was and is an employee of the City and a resident of the State of New York

11. Deny the allegations contained in paragraph 11 of the complaint, except admit that Firefighter Rivera was and is an employee of the City, assigned to Ladder 109, and a resident of the State of New York. .

12. Deny the allegations contained in paragraph 12 of the complaint, except admit that plaintiffs filed a notice of claim with the Comptroller's Office on or about November 2, 2007.

13. Deny the allegations contained in paragraph 13, except admit that Bishop is a former lieutenant with the FDNY.

14. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.

15. Deny the allegations contained in paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Repeat and re-allege paragraphs 1 through 19 hereof in response to the allegations incorporated in paragraph 20 of the complaint.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Repeat and re-allege paragraphs 1 through 22 hereof in response to the allegations incorporated in paragraph 23 of the complaint.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Repeat and re-allege paragraphs 1 through 25 hereof in response to the allegations incorporated in paragraph 26 of the complaint.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Repeat and re-allege paragraphs 1 through 28 hereof in response to the allegations incorporated in paragraph 29 of the complaint.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Repeat and re-allege paragraphs 1 through 32 hereof in response to the allegations incorporated in paragraph 33 of the complaint.

34. deny the allegations contained in paragraph 34, except admit that the FDNY purchased units of the Training Device and that plaintiff serviced from time to time.

35. . Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Repeat and re-allege paragraphs 1 through 38 hereof in response to the allegations incorporated in paragraph 39 of the complaint.

40. Deny the allegations contained in paragraph 40, and refer to the applicable laws governing public employees.

41. Deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

## FIRST AFFIRMATIVE DEFENSE

45. The complaint, and each of the claims alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

46. The '493 patent was procured by Bishop by means of fraudulent representations and material omissions made by Bishop to the United States Patent and Trademark Office in, that, among other things, Bishop did not disclose in his application and filings that there was a co-inventor.

## THIRD AFFIRMATIVE DEFENSE

47. The '493 patent is invalid because of, among other things, obviousness.

### FOURTH AFFIRMATIVE DEFENSE

48.     The '493 patent is invalid because the device covered thereby was the subject of and known to the prior art.

### FIFTH AFFIRMATIVE DEFENSE

49.     Plaintiffs have unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

50.     Plaintiff are barred from recovering damages, in whole or in part, because of their failure to mark the device with the patent number.

### SEVENTH AFFIRMATIVE DEFENSE

51.     Plaintiffs claims are barred, in whole or in part, by laches and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

52.     The City is entitled use the '493 patent by reason of an assignment of the rights of the co-inventor.

### NINTH AFFIRMATIVE DEFENSE

53.     The City is entitled to a perpetual royalty free license to use the '493 patent under the shop right doctrine because Plaintiff Bishop conceived, developed and worked on refining the invention covered by the '493 patent during working hours at the Fire Academy while he was employed and being paid by the FDNY.

WHEREFORE, defendants demand judgment dismissing the complaint, together with an award of reasonable attorneys' fees and costs, and such further and different relief as the Court may deem just and proper.

## JURY DEMAND

Defendants request a jury trial with respect to all issues triable by a jury.

Dated: New York, New York
      March 12, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the City of New York
                                Attorney for Defendants
                                100 Church Street
                                New York, N.Y. 10007
                                Telephone: (212) 788-0760
                                Cell:   (212) 917-734-7906
                                Facsimile: (212) 788-1633
                                Email: gsinglet@law.nyc.gov

                        By: _/s/ Gerald E. Singleton_____
                                GERALD E. SINGLETON